**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| JONNA MARKETS, LLC, a Michigan limited liability company, | Civil Action No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY DEMAND** |
| QUICKIE STORES, INC., a Washington corporation d/b/a PLUM MARKET | |
| Defendant. | |

**COMPLAINT**

Knobbe, Martens, Olson & Bear, LLP
1420 Fifth Ave, Suite 3600, Seattle, WA 98101
(206)405-2000

*1*   Plaintiff Jonna Markets, LLC ("Jonna"), for its Complaint against Defendant Quickie

*2* Stores, Inc. d/b/a Plum Market ("Quickie"), alleges as follows:

*3* **JURISDICTION AND VENUE**

*4*   1.   This is an action for: (a) trademark infringement arising under 15 U.S.C. §

*5* 1114; (b) false designation of origin arising under 15 U.S.C. § 1125(a); (c) federal dilution

*6* arising under 15 U.S.C. § 1125(c); (d) Washington unfair and deceptive trade practices

*7* arising under RCW § 19.86.020; (e) unfair competition under Washington common law; and

*8* (f) trademark infringement under Washington common law.

*9*   2.   This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. § 1121

*10* and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1367.

*11*   3.   Defendant is subject to the Court's jurisdiction because it resides in this State,

*12* does business in this District, and has committed the acts complained of herein in this

*13* District.

*14*   4.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and

*15* (c).

*16* **THE PARTIES**

*17*   5.   Plaintiff Jonna is a Michigan limited liability company having its principal

*18* place of business at 30777 Northwestern Highway, Suite 301, Farmington Hills, MI 48334.

*19*   6.   On information and belief, Quickie Stores, Inc. is a Washington corporation

*20* having its principal place of business at 1324 Martin Luther King Jr. Way, Tacoma, WA

*21* 98405 and doing business as Plum Market at 305 Harrison Street, Seattle WA 98109.

*22* **COMMON ALLEGATIONS FOR ALL CLAIMS FOR RELIEF**

*23* **A.   Plaintiff's Trademark**

*24*   7.   Jonna, through its subsidiaries, owns and operates upscale grocery stores

*25* offering selections of natural, organic, local and specialty items in a full-service shopping

*26* experience. Jonna is well known for the quality of its meat, cheese, fish, dairy, bakery, sushi,

*27* and prepared foods, many of which include meat and dairy products.

*28*

**COMPLAINT**            - 1 -            Knobbe, Martens, Olson & Bear, LLP
                                          1420 Fifth Ave, Suite 3600, Seattle, WA 98101
                                          (206)405-2000

8. Jonna opened its first store in 2007 in West Bloomfield, MI, under the trade name "Plum Market." The West Bloomfield location has been in operation under the "Plum Market" name continuously since that time.

9. Jonna's Plum Market in West Bloomfield has been very successful, and Jonna has since opened "Plum Market" stores in Ann Arbor, MI and Bloomfield, MI, and is preparing to open a store in Chicago, IL in 2013.

10. Jonna also operates an online store under the Plum Market name at www.plummarket.com. This online store has a national distribution and is a preferred partner on Amazon.com. Jonna also operates a Plum Rewards program and residents of Washington are enrolled in that program.

11. In addition to its online store, Jonna maintains a significant web presence through its website at www.plummarket.com, at facebook.com as Plum Market, on twitter as @PlumMarket, and with a blog.

12. Jonna also operates a full-service catering and event service under the "Plum Market" name.

13. Jonna plans to continue to expand its brand nationally. Jonna has invested considerable resources to grow its brand, which has resulted in significant regional and national reputation and goodwill.

14. Jonna is the owner of the PLUM MARKET mark, which was filed with the United States Patent and Trademark Office on September 9, 2005, and registered on November 11, 2008, as Reg. No. 3,532,490. The mark covers the following services: retail grocery stores; retail supermarkets; retail delicatessen services; juice bar services; restaurant services; cafe services; coffee shop services; and on-line retail store and catalog order services featuring food products, prepared meals, beverages, wine, beer, coffee, tea, vitamins, food supplements, hair care products, soaps, gifts, gift baskets, flowers, plants, and household items. A true and correct copy of this federal trademark registration (hereinafter referred to as "PLUM MARKET") is attached as Exhibit 1, which is incorporated herein by reference.

15. Jonna is also the owner of common law rights in its PLUM MARKET mark.

16. Since at least as early as 2007, and prior to the acts of Defendant alleged herein, Jonna has substantially exclusively used the PLUM MARKET mark in connection with the businesses described above.

**B.     Defendants' Infringement of the PLUM MARKET Mark**

17. On information and belief, Defendant Quickie Stores, Inc. is a Washington corporation d/b/a Hillside Quickie; Quickie, Too; Plum Bistro; Plum Restaurants; Sage Bakery and Café; and Plum Market.

18. On information and belief, in July, 2009, Quickie opened a restaurant in Seattle under the name "Plum Bistro."

19. On information and belief, Quickie recently began rebranding under the "Plum" name and plans to rename "Sage Bakery and Café" to "Plum Café." Quickie is also using the name "Plum Restaurants" on its Plum Bistro website.

20. On information and belief, Quickie opened a delicatessen and grocery store called "Plum Market" at 305 Harrison Street Seattle, WA, on or about August 31, 2012.

21. On information and belief, Quickie is also doing business as and through www.plumbistro.com, offering goods for sale over the internet at http://plumbistro.tumblr.com/store, and has an established email address at JJefferson@plumbistro.com for payment of online purchases.

22. Jonna already has a substantial national online presence, and has customers, rewards members, web traffic, and sales in the Seattle area, throughout Washington state, and in Oregon.

23. Quickie uses the identical mark owned by Jonna and in connection with services which are nearly identical to those of Jonna.

24. At no time has Jonna ever given Quickie license, permission, or authority to use or display Jonna's PLUM MARKET mark.

25. Quickie's conduct has already caused actual confusion in the marketplace.

**COMPLAINT** - 3 -

Because of the above mentioned identical marks and similarity in marketing channels in which both marks are used, Quickie's use of the PLUM MARKET mark is likely to continue to cause confusion, mistake or deception in the minds of the public as to the source of Quickie's services and commercial activities and/or an affiliation with Jonna.

26.   Jonna has continuously expanded its locations since 2007, and expects to expand nationally over time.

27.   Upon information and belief, Quickie's unauthorized use of the PLUM MARKET mark is intended to confuse and mislead consumers into believing that Quickie's Plum Market store in Seattle is affiliated with Jonna, which is not true.

28.   Upon information and belief, Quickie's unauthorized use of the PLUM MARKET mark is intended to cause confusion, mistake, or deception.

29.   By virtue of the acts complained of herein, Quickie has created a likelihood of injury to Jonna's business reputation, caused a strong likelihood of consumer confusion as to the source or origin or relationship between Quickie's Plum Market store and Jonna's Plum Market stores.

30.   Quickie's acts complained of herein have caused damage to Jonna in an amount to be determined at trial, and such damages will continue to increase unless Quickie is enjoined from its wrongful actions.

31.   Quickie's acts complained of herein have caused Jonna to suffer irreparable injury to its business.  Jonna will continue to suffer substantial loss of goodwill and reputation unless and until Quickie is preliminarily and permanently enjoined from using Jonna's PLUM MARKET trademark, including the wrongful actions complained of herein.

32.   On information and belief, Quickie was aware of Jonna's rights in the PLUM MARKET mark before Quickie opened its Plum Market store.  On or about August 30, 2012, Quickie received a letter from Jonna informing Quickie of Jonna's federally registered PLUM MARKET mark and requesting that that Quickie cease all use of the "Plum Market" name.

33.   Quickie's acts, as set forth herein, were willful and deliberate.  Therefore, this

case constitutes an exceptional case under 15 U.S.C. § 1117(a).

34. Jonna has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)**

35. By this reference Jonna re-alleges and incorporates paragraphs 1-34 as though fully set forth herein.

36. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

37. Jonna owns U.S. Trademark Registration No. 3,532,490 for PLUM MARKET.

38. Quickie has used in commerce, without permission from Jonna, the PLUM MARKET mark.

39. Quickie has infringed Jonna's mark and created a false designation of origin by using, without Jonna's permission, the PLUM MARKET mark in connection with its businesses.

40. Upon information and belief, Quickie used the PLUM MARKET mark with the intent to unfairly compete against Jonna, to trade upon Jonna's reputation and goodwill by causing confusion and mistake among consumers, and to deceive consumers into believing that Quickie's store is associated with and/or sponsored by or approved by Jonna, when it is not.

41. Quickie's use of the PLUM MARKET mark has actually caused and is likely to continue to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Quickie's services and commercial activities with Jonna or as to the approval of Quickie's services and commercial activities by Jonna, and thus constitutes infringement of Jonna's rights in the PLUM MARKET Trademark in violation of 15 U.S.C. § 1114.

42. Quickie had actual knowledge of Jonna's ownership and prior use of the PLUM MARKET Mark, and, without the consent of Jonna, has willfully violated 15 U.S.C. § 1114.

*1*  43. Quickie's violation of 15 U.S.C. § 1114 has caused Jonna to suffer damages

*2* and irreparable harm in an amount to be determined at trial. Such irreparable injury will

*3* continue unless Quickie is permanently enjoined by this Court from further violation of

*4* Jonna's rights, for which Jonna has no adequate remedy at law.

*5*  44. By reason of the foregoing, Jonna is entitled to monetary and injunctive relief

*6* pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

*7* **SECOND CLAIM FOR RELIEF**

*8* **(False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a))**

*9*  45. By this reference Jonna re-alleges and incorporates Paragraphs 1-44 as though

*10* fully set forth herein.

*11*  46. This is a claim for false designation of origin arising under 15 U.S.C. §

*12* 1125(a).

*13*  47. Quickie's use of the PLUM MARKET mark is likely to cause confusion,

*14* mistake, or deception as to the source, origin, affiliation, connection, or association of

*15* Quickie's goods, services, or commercial activities with Jonna or as to the approval of

*16* Quickie's goods, services, or commercial activities by Jonna, and thus constitutes

*17* infringement of Jonna's rights in the PLUM MARKET mark in violation of 15 U.S.C.

*18* 1125(a).

*19*  48. Upon information and belief, Quickie's infringement of Jonna's rights in the

*20* PLUM MARKET mark occurred with full knowledge of Jonna's ownership and use of the

*21* PLUM MARKET mark.

*22*  49. Quickie has intentionally, deliberately, and willfully violated 15 U.S.C. §

*23* 1125(a).

*24*  50. Quickie's violation of 15 U.S.C. § 1125(a) has caused Jonna to suffer damages

*25* and irreparable harm in an amount to be determined at trial. Such irreparable injury will

*26* continue unless Quickie is permanently enjoined by this Court from further violation of

*27* Jonna's rights, for which Jonna has no adequate remedy at law. By reason of the foregoing,

*28*

**COMPLAINT** - 6 - Knobbe, Martens, Olson & Bear, LLP
1420 Fifth Ave, Suite 3600, Seattle, WA 98101
(206)405-2000

Jonna is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

### THIRD CLAIM FOR RELIEF

**(Unfair and Deceptive Trade Practices Under State Law)**

51. Jonna re-alleges and incorporates by reference the allegations contained in Paragraphs 1-50 above.

52. Quickie's acts as alleged herein constitute unfair and deceptive trade practices under the common law and statutory laws of the State of Washington, including but not limited to RCW § 19.86.020, and/or the laws of other states in which Quickie's goods and services are advertised and/or provided.

53. Quickie's acts as alleged herein are repetitive, falsely and deceptively create the impression that Quickie's goods and services are associated with, sponsored by, or approved by Jonna, and are likely to confuse the public as to the source of Quickie's goods and services.

### FOURTH CLAIM FOR RELIEF

**(Common Law Unfair Competition and Trademark Infringement)**

54. By this reference Jonna re-alleges and incorporates paragraphs 1-53 as though fully set forth herein.

55. Quickie, by its actions set forth hereinabove, has engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including the infringement of Jonna's trademark.

56. Quickie's use of the PLUM MARKET mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of Quickie's services with Jonna's services, or as to the approval of Quickie's services by Jonna.

57. By reason of the foregoing, Jonna has suffered damages and irreparable harm.

58. By reason of the foregoing, Jonna is entitled to at least damages from Quickie.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and seeks relief as follows:

A. That the Court enter a final judgment in favor of Jonna and against Quickie on all claims for relief alleged herein;

B. Judgment that Quickie has violated and willfully violated the provisions of 15 U.S.C. § 1114 by infringing Jonna's trademark rights in its federally registered PLUM MARKET mark;

C. Judgment that Quickie has violated and willfully violated the provisions of 15 U.S.C. § 1125(a) by falsely designating the origin of Quickie's goods and services and unfairly competing with Jonna through the marketing, sale, and promotion of Quickie's online and in-store goods using the PLUM MARKET mark;

D. Judgment that Quickie is liable for unfair and deceptive trade practices under the common law and statutory laws of the State of Washington, including but not limited to RCW § 19.86.020;

E. Judgment that Quickie has violated Jonna's common law trademark rights and unfairly competed with Jonna;

F. That Quickie, its officers, principals, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    a. Using Jonna's PLUM MARKET mark in connection with Quickie's goods or services;

    b. Using Jonna's PLUM MARKET mark in advertising, promoting, selling, or offering to sell goods or services;

    c. Using confusingly similar variations of the PLUM MARKET mark in any manner that is likely to create the impression that Quickie's services or goods originate from Jonna, are endorsed by Jonna, or are connected in any way with

**COMPLAINT** - 8 -

1420 Fifth Ave, Suite 3600, Seattle, WA 98101
(206)405-2000

Jonna;

    d.    Otherwise infringing or diluting the PLUM MARKET mark;

    e.    Falsely designating the origin of Quickie's goods or services;

    f.    Unfairly competing with Jonna in any manner whatsoever;

    g.    Creating a likelihood of confusion or injury to Jonna's business reputation; and

    h.    Claiming ownership in and/or filing any applications for registration of any trademarks, trade dress, or designs that are confusingly similar to Jonna's PLUM MARKET mark.

    G.    That Quickie be directed to file with this Court and serve on Jonna within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Quickie has complied with the injunction;

    H.    That Quickie be required to account to Jonna for any and all profits derived by Quickie and all damages sustained by Jonna by virtue of Quickie's acts complained of herein;

    I.    That Quickie be ordered to pay over to Jonna all damages which Jonna has sustained as a consequence of the acts complained of herein, subject to proof at trial;

    J.    That Quickie's actions complained of herein be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. § 1117.  Further, that Jonna be entitled to enhanced damages pursuant to 15 U.S.C. § 1117;

    K.    That Jonna recover damages pursuant to the common law of Washington;

    L.    That Jonna recover the costs of this civil action, including reasonable attorneys' fees;

    M.    That Quickie be required to deliver and destroy within thirty (30) days all devices, literature, advertising, packaging, goods, and other materials bearing the infringing trademarks and trade dress pursuant to 15 U.S.C. § 1118; and

**COMPLAINT** - 9 -

Knobbe, Martens, Olson & Bear, LLP
1420 Fifth Ave, Suite 3600, Seattle, WA 98101
(206)405-2000

1       N.    That Jonna be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 20, 2012       By: /s/ Colin B. Heideman
Colin B. Heideman (SBN 44,873)
colin.heideman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1420 Fifth Avenue, Suite 3600
Seattle, WA 98101
Phone: (206) 405-2000
Facsimile: (206) 405-2001

Michael K. Friedland (*Pro Hac Vice* pending)
michael.friedland@knobbe.com
Sarah L. Lampton (*Pro Hac Vice* pending)
sarah.lampton@knobbe.com
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
JONNA MARKETS, LLC

**COMPLAINT**      - 10 -      Knobbe, Martens, Olson & Bear, LLP
1420 Fifth Ave, Suite 3600, Seattle, WA 98101
(206)405-2000

# DEMAND FOR TRIAL BY JURY

Jonna hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  December 20, 2012

By: */s/ Colin B. Heideman*
Colin B. Heideman (SBN 44,873)
colin.heideman@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1420 Fifth Avenue, Suite 3600
Seattle, WA  98101
Phone: (206) 405-2000
Facsimile: (206) 405-2001

Michael K. Friedland (*Pro Hac Vice* pending)
michael.friedland@knobbe.com
Sarah L. Lampton (*Pro Hac Vice* pending)
sarah.lampton@knobbe.com
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone:  (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff
JONNA MARKETS, LLC

14259261